Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered November 20, 2012, awarding plaintiff dam *521 ages, and bringing up for review an order, same court and Justice, entered September 24, 2012, which denied defendant’s motion to dismiss the complaint pursuant to CPLR 3211, and granted plaintiff’s cross motion for summary judgment, reversed, on the law, with costs, the judgment vacated, plaintiffs cross motion denied, and defendant’s motion granted. The Clerk is directed to enter judgment in defendant’s favor dismissing the complaint.
The parties entered into a letter agreement on or about October 21, 2009, whereby defendant engaged plaintiff as its exclusive financial advisor “in connection with a review of strategic options and development of a business plan to evaluate and make recommendations for maximizing the assets of [defendant].” The agreement contemplated that the engagement “may potentially result in a sale, transfer or other disposition . . . [of] a portion of the assets, businesses or securities of [defendant],” therein defined as a “transaction.” The agreement further provided that in the event of a transaction, as defined, plaintiff was entitled to a “transaction fee.”
Plaintiff seeks to recover a “transaction fee” in connection with defendant’s unsuccessful effort to acquire a gold mine in Nevada. As an initial step toward that goal, defendant entered into a participation agreement with nonparty Platinum Long Term Growth LLC, a New York hedge fund, whereby defendant purchased for $5 million a participation interest in certain notes issued to Platinum by Firstgold, a company in chapter 11 bankruptcy proceedings. The collateral for the notes was the aforementioned gold mine. Defendant’s ability to acquire the mine was contingent on, among other things, obtaining the necessary financing. The participation agreement contained a mechanism whereby the parties could unwind the deal. As the dissent notes, the acquisition was never completed because defendant failed to obtain the necessary financing, and exercised its right to unwind the deal.
In our view, the motion court unreasonably construed the parties’ agreement in arriving at the conclusion that plaintiff was entitled to a “transaction fee” in connection with defendant’s aborted acquisition of a participation interest in the notes. The letter agreement provides that plaintiff is entitled to a “transaction fee” following the consummation or closing of a “transaction,” which it defines as the “sale, transfer or other disposition . . . [of] a portion of the assets, businesses or securities of [defendant].” The acquisition in question was admittedly not a “sale” or “transfer.” Nor can it be considered a “disposition,” as plaintiff contends. The term “disposition” does not ap *522 pear in isolation in the agreement, but as a catchall at the end of the phrase “sale, transfer or other disposition.” Thus, under the principle of ejusdem generis, the general language “or other disposition” must be construed as limited in scope by the more specific words “sale” and “transfer” that preceded it (see 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 103-104 [1st Dept 2006]).
Other provisions of the engagement letter confirm that plaintiff was retained to assist defendant with potential sales of its assets, businesses or securities. In describing the “advice and assistance” plaintiff might provide, the agreement makes specific reference to the possible “sale of [defendant’s] biotech or other businesses,” and the “private placement of [defendant’s] securities.” The agreement also anticipates that plaintiff might render “assistance] ... in the preparation of a memorandum describing the Company and its business operations for distribution to potential parties to a Transaction,” i.e., materials prepared for potential investors in defendant. The agreement also authorizes plaintiff to place “customary tombstone announcements or advertisements in financial newspapers and journals,” i.e., announcements apprising potential investors of a securities offering.
The more general language in the description of the scope of the “engagement,” i.e., “a review of strategic options and development of a business plan to evaluate and make recommendations for maximizing the assets of [defendant]” does not illuminate the question of what constitutes a “disposition.” In any event, assuming a conflict, the more specific provision concerning the definition of “transaction” would control over the general provisions in the agreement.
Further, as noted by the dissent, the acquisition of the gold mine was never completed or consummated, and the deal was unwound. Thus, the deal lacked the finality necessary to constitute a “disposition,” as that term is commonly understood.
Accordingly, defendant’s motion to dismiss should have been granted, and plaintiff’s cross motion for summary judgment should have been denied.
Concur—Gonzalez, EJ., Tom, Freedman and Manzanet-Daniels, JJ.